# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:08-cr-116
                                               Also 3:15-cv-465

                                               District Judge Walter Herbert Rice
   -  vs  -                           Magistrate Judge Michael R. Merz

JEROME J. HILL, JR.,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 424). As with all post-conviction attacks on convictions at the Dayton location of court, it has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for report and recommendations.

Under Rule 4 of the Rules Governing § 2255 Cases, a motion under that section is to be promptly examined by the Court. "If [upon that examination] it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

1

Hill seeks relief on the basis of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), is unconstitutionally vague.

The record of prior proceedings in this case shows that Hill was indicted on August 13, 2008, along with others for conspiracy to distribute heroin and cocaine base (ECF No. 31). On October 15, 2008, Hill pled guilty to Counts 1, 3, 25, 31 which charged

> Conspiracy to distribute cocaine base, crack cocaine, in excess of 50 grams, and heroin in excess of a hundred grams, Count 1. Employment or use of persons under 18 years of age in drug operations and aiding and abetting in that, Count 3. And use of a communication device in commission of a felony, Counts 25 and 31. There were also five other counts that were dismissed.

(Transcript, ECF No. 373, PageID 1994.) Thus Hill was never convicted or sentenced under 18 U.S.C. § 924(e)(1). Judge Rice found that "Defendant is a career offender pursuant to Section 4B1.1(a) of the sentencing guidelines." *Id.* at PageID 2013. Career offender status under the Sentencing Guidelines is different from the weapons offense punishable under § 924(e). In neither *Johnson* nor any other case has the Supreme Court declared § 4B1.1(a) of the Sentencing Guidelines unconstitutional.

Assuming without deciding that *Johnson* applies to convictions which became final before it was handed down. It has no application to this case because it does not hold unconstitutional any of the statutes under which Hill was convicted and sentenced.

It is therefore respectfully recommended that Hill's § 2255 Motion be dismissed with prejudice because it is without merit. Because reasonable jurists would not disagree with this conclusion, Hill should be denied a certificate of appealability and the Court should certify that

2

any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 4, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).