# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,       :       Case No. 3:08-cr-116
                                                Also 3:15-cv-465

                                               District Judge Walter Herbert Rice
  -  vs   -                                Magistrate Judge Michael R. Merz

JEROME J. HILL, JR.,

                Defendant.      :

## SUBSTITUTED REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 424). After the Magistrate Judge filed a Report and Recommendations on the § 2255 Motion as filed, Hill filed a Motion under Fed. R. Civ. P. 59 which the Court agreed to treat as an amendment to the § 2255 Motion and withdrew the original Report (ECF No. 427). This document substitutes for the original Report.

       As with all post-conviction collateral attacks on convictions at the Dayton location of court, it has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for report and recommendations.

       Under Rule 4 of the Rules Governing § 2255 Cases, a motion under that section is to be promptly examined by the Court. "If [upon that examination] it plainly appears from the motion,

1

any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Hill seeks relief on the basis of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court held that the residual clause of the Armed Career Criminal Act (the ACCA"), 18 U.S.C. § 924(e)(1), is unconstitutionally vague.

The record of prior proceedings in this case shows that Hill was indicted on August 13, 2008, along with others for conspiracy to distribute heroin and cocaine base (ECF No. 31). On October 15, 2008, Hill pled guilty to Counts 1, 3, 25, 31 which charged

> Conspiracy to distribute cocaine base, crack cocaine, in excess of 50 grams, and heroin in excess of a hundred grams, Count 1. Employment or use of persons under 18 years of age in drug operations and aiding and abetting in that, Count 3. And use of a communication device in commission of a felony, Counts 25 and 31. There were also five other counts that were dismissed.

(Transcript, ECF No. 373, PageID 1994.)  Thus Hill was never convicted or sentenced under 18 U.S.C. § 924(e)(1). Judge Rice found that "Defendant is a career offender pursuant to Section 4B1.1(a) of the sentencing guidelines." *Id.* at PageID 2013. Career offender status under the Sentencing Guidelines is different from the weapons offense punishable under § 924(e). In neither *Johnson* nor any other case has the Supreme Court declared § 4B1.1(a) of the Sentencing Guidelines unconstitutional.

*Johnson* applies to convictions which became final before it was handed down. *In re: Windy Watkins*, ___ F.3d ___, 2015 U.S. App. LEXIS 21952 (6th Cir. 2015).  However, it has no direct application to this case because it does not hold unconstitutional any of the statutes under which Hill was convicted and sentenced.

In his Amended Motion, however, Hill argues *Johnson* has indirect application to his case because, he argues, the same definition of "crimes of violence" is used in the Sentencing Guidelines to qualify persons as career offenders as is used in the ACCA. He relies primarily on *United States v. Darden*, 605 Fed. Appx. 545 (6th Cir. 2015), where the court held:

> PER CURIAM. George Darden received a career offender enhancement under United States Sentencing Guideline § 4B1.1. At issue is whether one of Darden's previous convictions qualifies as a "crime of violence" under the residual clause of § 4B1.2(a)(2). [*546]  See Appellee's Br. 7. In *Johnson v. United States*, No. 13-7120 (U.S. June 26, 2015) (slip op. at 10, 15), 135 S. Ct. 2551, 192 L. Ed. 2d 569, the Supreme Court held that the identically worded residual clause of the Armed Career Criminal Act is void for vagueness. Compare U.S.S.G. § 4B1.2(a)(2) with 18 U.S.C. § 924(e)(2)(B)(ii). We have previously interpreted both residual clauses identically, see *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009); *United States v. Houston,* 187 F.3d 593, 594-95 (6th Cir. 1999), and Darden deserves the same relief as Johnson: the vacating of his sentence. Indeed, after *Johnson*, the Supreme Court vacated the sentences of offenders who were sentenced under the Guidelines' residual clause. *United States v. Maldonado*, 581 F. App'x 19, 22-23 (2d Cir. 2014), vacated, 576 U.S. ___, 135 S. Ct. 2929, 192 L. Ed. 2d 966 (2015); *Beckles v. United States*, 579 F. App'x 833, 833-34 (11th Cir. 2014), vacated, 576 U.S. ___, 135 S. Ct. 2928, 192 L. Ed. 2d 973 (2015). The same relief is appropriate here.

*Id.*

Hill also relies on *United States v. Franklin*, 2015 U.S. App. LEXIS 13455 (6th Cir. July 31, 2015), but in that case the predicate offenses relied on to classify Franklin as an armed career criminal had both been held to be violent offenses only under the ACCA residual clause. Similarly, in *United States v. Harbin*[1], 2015 WL 4393889 (6th Cir. 2015), the court vacated a

---

[1] Misspelled as "Harkin" in Defendant's Motion (ECF No. 426, PageID 2319).

career offender sentence under the Guidelines where the prior burglary conviction qualified as a crime of violence only under the residual clause of the Guidelines which the court interpreted as having the same meaning as the residual clause of the statute.

The Probation Officer recommended that Hill qualified as a career offender (PSI ¶ 108). The PSI notes prior convictions for burglary in two separate Montgomery County Common Pleas cases in January and September 2004 (Case Nos. 03CR418 and 04CR1996). Those same convictions are reflected in ¶¶ 114 and 115 of the PSI. These offenses were found to be qualifying because the Guidelines specifically list burglary as a crime of violence. In other words, its does not require application of the residual clause of the Guidelines to find that a burglary conviction under Ohio law qualifies as a predicate offense.

**Conclusion**

Hill was not convicted under the Armed Career Criminal Act, so *Johnson* has no direct application to his case. His predicate convictions for burglary under Ohio law do not require application of the residual clause of the Guidelines to bring him within the career offender classification. Therefore the § 2255 Motion as amended should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).