# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:08-cr-116

                                           District Judge Walter Herbert Rice
- vs -                                Magistrate Judge Michael R. Merz

JEROME HILL,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant Jerome Hill's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 442). On the Court's Order (ECF No. 443), the Government has filed a Response (ECF No. 445) and Hill, with the assistance of counsel, has filed a Reply (ECF No. 446).[1]

**Procedural History**

On August 13, 2008, Hill was indicted with twelve other people by the grand jury for this District in a forty-nine count Indictment for a drug trafficking conspiracy (ECF No. 31). Hill was charged in Counts One, Two, Three, Four, Ten, Thirteen, Fourteen, Twenty-Five, and

---

[1] Hill filed *pro se* a previous motion under § 2255 (ECF No. 424). The Magistrate Judge's Report and Recommendations on that Motion (ECF No. 425) have been withdrawn (ECF No. 427, 431).

1

Thirty-One. *Id.* On October 15, 2008, he pleaded guilty to Counts One (Conspiracy to Distribute in Excess of 50 Grams of Cocaine Base, In Excess of 100 Grams of Heroin, and Cocaine), Three (Employment or Use of Persons Under 18 Years of Age in Drug Operations), and Twenty-Five and Thirty-One (Use of a Telecommunications Device in Commission of Felony under Title 21) (Minute Entry, ECF No. 93).

On January 16, 2009, having reviewed a Presentence Investigation Report ("PSR") prepared by the Probation Office, Judge Rice sentenced Hill to 188 months imprisonment, having found that he was a career offender under U.S.S.G. §4B1.1, but only with the concurrent finding that the "career criminal status substantially overrepresents [the] seriousness of past criminal history or likelihood of recidivism." (Statement of Reason, ECF No. 139, PageID 952.) Judge Rice found Hill's total offense level to be 34 and his criminal history category to be VI, resulting in a Sentencing Guideline range of 262 to 327 months on Counts One and Three and 48 months on Counts 25 and 31. *Id.* Based on that determination, Judge Rice departed downward from the Guideline range and imposed a sentence of 188 months imprisonment (Minute Entry, ECF No. 137; Judgment, ECF No. 138). The sentence was later reduced to 144 months (ECF No. 393).

The PSR recommended finding Hill was a career offender based on his prior convictions for burglary in the Montgomery County Common Pleas Court, once on January 27, 2004 (Case No. 03CR418) and once on September 28, 2004 (Case No. 04CR1996)(PSR ¶ 108; see also ¶¶ 114-115). If Hill had not been classified as a career offender, his criminal offense level under the Guidelines would have been 32 and his criminal history category would have been III. *Id.* at ¶¶ 107, 123. Under the Guideline Sentencing Table, without the career offender enhancement, his guidelines sentencing range would have been 151 to 188 months.

2

Hill's argument in his § 2255 Motion is that those prior burglary convictions no longer qualify as predicate offenses under the Guidelines because they were previously counted under the so-called residual clause of U.S.S.G. § 4B1.2. § 4B1.2(a) provides:

> (a)The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

The highlighted language constitutes the residual clause. Hill asserts that at sentencing the question whether his burglary convictions were qualifying predicate convictions for crimes of violence was resolved by reference to *United States v. Skipper*, 552 F.3d 489 (6th Cir. 2009). In that case the Sixth Circuit held conviction for fourth degree felony burglary under Ohio Revised Code § 2911.12(A)(4) does not qualify under the elements clause, § 4B1.2(a)(1) because it does not involve an element of use of force against a person and does not qualify as generic burglary under § 4B1.2(a)(2) because it is not "generic" burglary. However, the *Skipper* court found it qualified under the residual clause because of the risk of substantial harm from confrontation between burglar and occupant.

Since Hill was found to be a career offender on the basis of the residual clause, the question before the Court is whether that finding remains a constitutional basis for sentence enhancement. In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new

3

substantive rule that has retroactive effect in ACCA cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). Hill was not sentenced under the ACCA, but his sentence was enhanced on the basis of the residual clause of the career offender Sentencing Guideline.

The Sixth Circuit has held the Guideline residual clause is unconstitutional on the same basis as *Johnson*. *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016). *Pawlak*, however, was decided on direct appeal, so the Sixth Circuit did not have occasion to consider whether it should be applied also on collateral review and whether it reopened the statute of limitations for § 2255 motions.

Under 28 U.S.C. § 2255(f), the one year statute of limitations for § 2255 motions runs from the latest of four dates. One of those is the date the conviction became final on or about February 3, 2009, when he did not appeal from his conviction. Since the instant Motion was not filed until December 28, 2015, Hill is obviously outside the one-year statute.

28 U.S.C. § 2255(f)(3) starts the statute running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." In *Welch, supra,* the right recognized in *Johnson* has been held by the Supreme Court to be a substantive as opposed to a procedural right and also to be retroactively applicable on collateral review, such that cases raising claims under *Johnson* are timely if they were filed not later than June 27, 2016.

The right in question here is the right not to have one's federal sentence enhanced by application of unconstitutionally vague language ("otherwise involves conduct that presents a serious potential risk of physical injury to another") to characterization of prior convictions. *Welch* holds the right to be substantive rather than procedural and therefore to apply it

4

retroactively in ACCA cases. The Government's extended argument that, while *Johnson* is substantive when applied to ACCA cases, it is procedural and therefore non-retroactive when applied to Guidelines cases is unpersuasive for the reasons given in *Welch* (Answer, ECF No. 445, PageID 2401-14).

*Peugh v. United States*, 133 S. Ct. 2072 (2013), does not dictate a different result. In *Peugh* the Supreme Court held that the Ex Post Facto Clause forbids applying "new" Sentencing Guidelines to crimes committed before they became effective. The Government argues:

> The Supreme Court has characterized errors in calculating a defendant's advisory guidelines range as procedural, rather than substantive. *See, e.g., Peugh v. United States,* 133 S.Ct. 2072, 2083 (2013) ("Failing to calculate the correct [advisory] Guidelines range constitutes procedural error.") (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

(Answer, ECF No. 445, PageID 2407.) Justice Sotomayor repeats the quotation from *Gall* several times in her majority opinion in *Peugh*, but never for the purpose of distinguishing procedural and substantive changes in Guidelines law for retroactivity purposes. Each time the quotation is repeated, it is for the purpose of emphasizing the importance of the Guidelines and therefore supporting the main thesis of the case: an increase in a the Guidelines range applicable to a case is sufficiently like a statutory increase in penalty to be subject to Ex Post Facto analysis.

The United States refers the Court to *In re Roger Clay Swain*, Case No. 15-2040 (6th Cir. Feb. 22, 2016)(unreported) which holds, in the context of authorizing a second or successive § 2255 motion, that *Johnson* states "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Swain's sentence had been enhanced under Guideline § 4B1.1 rather than the ACCA, but the court held "Johnson is applicable. . . ." *Id.* at p. 3.

The Government correctly notes that *Swain* is not binding precedent because it is not published (Answer, ECF No. 445, PageID 2408, n.5). The Government also notes that two judges in the Northern District have, after *Swain*, held *Johnson* does not apply retroactively to Guideline § 4B1.1 cases.

In *United States v. Robinson*, 2016 WL 2962229 (N.D. Ohio May 23, 2016), Judge Gaughan followed her court's own prior ruling that "*Johnson* is a non-watershed procedural rule as applied to the residual clause of the Guidelines." Alternatively, she found the defendant's prior robbery conviction under Ohio Revised Code § 2911.02 qualified as a predicate conviction without reference to the residual clause. She does not cite either *Welch* or *Swain*; *Pawlak* had not yet been decided.

In *United States v. Willoughby*, 144 F. Supp. 3d 935 (N.D. Ohio Nov. 18, 2015), Judge Gaughan's colleague, Judge Jack Zouhary, held that *Johnson,* as applied to Guidelines cases, created a new procedural rule, and not a substantive one. When Judge Zouhary acted, *Welch*, *Swain*, and *Pawlak* had not yet been decided.

Although *Swain* is not binding, the Magistrate Judge finds it persuasive. Because the instant Motion was filed within one year of *Johnson*, it is timely.

The United States also argues Hill's claim is procedurally defaulted because it was not raised on direct appeal (Answer, ECF No. 445, PageID 2414-15). As the Answer notes, the void for vagueness argument had been raised regarding both the ACCA and § 4B1.2 on occasions prior to *Johnson*, but had been firmly rejected. To reach its decision in *Johnson*, the Supreme Court expressly overruled its prior decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011), the latter of which was only four years old. The Sixth Circuit also overruled prior precedent in *Pawlak*. The decision in *Johnson* was, in the

6

Magistrate Judge's opinion, sufficiently novel that Hill had good cause to excuse not raising his claim on direct appeal. See *Reed v. Ross*, 468 U.S. 1 (1984).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes Hill's sentence was enhanced by applying the unconstitutionally vague residual clause of U.S.S.G. § 4B1.2 to his prior convictions to qualify them as predicate offenses. It is therefore respectfully recommended that the instant § 2255 Motion be GRANTED, that the Judgment be vacated, and that Hill be re-sentenced without the improper enhancement.

July 14, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).